■ ASHER HIESIGER, as Sole Surviving Partner of ARROWLEY MANOR COMPANY, Respondent, v J. PATRICK KAUFFMAN et al., as Coexecutors of CHARLES L. KEITH, Deceased, Appellants.— Decree, Surrogate's Court, New York County (Marie Lambert, S.), entered December 14, 1990, which, *inter alia,* judicially settled the account of plaintiff as the sole surviving partner of Arrowley Manor Company, and dismissed defendants' Objection "2" as to the plaintiff's alleged mismanagement of expenses, unanimously affirmed, without costs.

The Surrogate properly confirmed the report of the Judicial

Hearing Officer finding that the contested funds, which had been deposited into and withdrawn from a sub-account of the computerized banking and accounting system established by the decedent and utilized by plaintiff during the winding up of the partnership, were personal funds of plaintiff that did not belong to the partnership, and accordingly did not have a bearing on any profits or losses in which defendant Estate was entitled to participate *(Namer v 152-54-56 W. 15th St. Realty Corp.,* 108 AD2d 705).

None of the checks drawn by plaintiff on the sub-account denominated as the "OO" account was improperly charged against the former partnership properties.

Nor is there any basis for extending the four-year period of the accounting beyond December 31, 1981, by which date, the Surrogate specifically determined, plaintiff had fully distributed, and indeed overpaid by more than $80,000, the value of the decedent's interest in the dissolved partnership.

Finally, defendants are barred by the doctrine of law of the case from again challenging the date-of-death value of the decedent's interest in the partnership in view of this Court's 1987 order affirming the Surrogate's decree on the issue *(Hiesiger v Kauffman,* 126 AD2d 997).

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.